UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE:    David K. Rensin                           Case No. 13-12105-BFK
              5443 Wemberly Drive                  Chapter 11
              Warrenton, VA 20187

                           Debtor.

SSN: xxx-xx-5991


PLAN OF REORGANIZATION


Dated: April 22, 2014


Linda D. Regenhardt. VSB No. 27455
Linda Regenhardt, LLC
100 N. Pitt Streeet
Suite 206
Alexandria, VA 22314
Telephone: (703) 538-0308
Counsel for Debtor

1

# ARTICLE I
# INTRODUCTION

David K. Rensin, the debtor and debtor-in-possession (the "Debtor") under Chapter 11 of Title 11 of the United States Code, hereby proposes this Plan of Reorganization, dated as of the first date set forth above (the "Plan"). Any agreements and/or other documents that are referenced in the Plan, but which are not attached as exhibits to the Plan, are available upon reasonable written request to counsel for the Debtors indicated on the first page of the Plan.

# ARTICLE II
# SUMMARY OF
# PLAN

The Debtor's Plan proposes that all creditors will impaired to some extent but will receive an equal percentage of their outstanding debt amount owed by the Debtor. The means of execution for the Debtor's Plan will involve payments from future earnings; and/or (iii) recoveries from actions brought under Chapter 5 of the Bankruptcy Code. Debtor's real property has no equity when the cost of sale is considered and is held as tenants by the entireties with his wife who is not responsible for any of the debt dealt with under this Plan.

The Debtor will pay allowed administrative claims in full on the Effective Date or as soon thereafter as the administrative claims are approved by the Court, in the ordinary course, or upon such other mutually acceptable terms as the parties may agree.

The Debtor has no priority claims which need to be paid under the Plan.

The Debtor's residence located at 5443 Wemberly Drive, Warrenton, Va. is security for indebtedness owed to US Bank Home Mortgage. US Bank Home Mortgage shall be treated as fully secured and shall continue to be paid in accord with the terms of its loan and security agreements with the Debtor. Thus it is not impaired under this Plan

The Debtor owns a motor vehicle which was secured with Toyota Financial at the time of the filing of Debtor's petition. This claim was paid in full as secured during the pendency of this bankruptcy and thus is no longer a factor to be considered under this Plan. Debtor also owes a motor vehicle which is secured by Carmax Auto Finance and that debt will be continue to be paid under the terms of the security agreement between Carmax and the Debtor and thus is not to be paid under this Plan.

All remaining Allowed Unsecured Claims are impaired and will be paid as more fully set forth herein.

The Debtor's liabilities will be paid according to the priorities of the Bankruptcy Code and further Orders of the Bankruptcy Court. The specific amounts and terms of payment will be made according to further terms of this Plan and Confirmation Order of the Bankruptcy Court.

# ARTICLE III
# DEFINITIONS

3.1 **Defined Terms.** Terms herein with an initial capital not required by standard capitalization rules are defined terms, and each term shall have the meaning assigned to it below.

a. "ADMINISTRATIVE CLAIM" shall mean all Claims for the costs and expenses of administering the Case having priority under section 507(a)(2) of the Bankruptcy Code, including without limitation costs and expenses allowed under section
503(b) of the Bankruptcy Code, the actual and necessary costs of preserving the Debtor's bankruptcy estate and operating the business of the Debtor, any fees or charges assessed against the Estate under 28 U.S.C. § 1930, Professional Fee Claims, and any Claims allowed pursuant to section 507(b) of the Bankruptcy Code.

b. "ALLOWED" shall mean any claim or Administrative Claim if and to the extent that (1) such Claim or Administrative Claim has not been withdrawn, paid or otherwise satisfied; (2)(A) a Proof of Claim for such Claim was filed or deemed filed on or before the applicable Bar Date, or (B) if no Proof of Claim was filed on or before the applicable Bar Date, then such Claim as listed in the Debtor's Schedules and which is not listed as disputed, contingent, or unliquidated; <u>and</u> (3)(A) no objection to the allowance of such Claim has been filed, or (B) the order allowing such Claim has become a Final Order. Where there is a difference between the amount scheduled as undisputed by the Debtor and the amount set forth in the Proof of Claim filed by the creditor, the amount shown in the Proof of Claim shall govern for purposes of allowance, unless objected to by the Debtor, in which case the Claim shall be the amount allowed by the Bankruptcy Court.

c. "ASSETS" shall mean all of the title, right and interest of the Debtor in, to and under any and all assets and property, whether tangible, intangible, real or personal, that constitute property of the Debtor's Estate within the meaning of section 541 of the Bankruptcy Code.

d. "BALLOT" shall mean the ballot distributed to each eligible Holder of a Claim or Interest, on which ballot such Holder may, among other things, vote to accept or reject the Plan.

e. "BANKRUPTCY CODE" shall mean Title 11 of the United States Code,
11 U.S.C. § 101, et seq.

f. "BANKRUPTCY COURT" shall mean the United States Bankruptcy
Court for the Eastern District of Virginia, Alexandria Division.

g. "BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy

Procedure, together with the Local Rules of the Bankruptcy Court for the Eastern District of Virginia, as amended from time to time, as applicable to Chapter 11 cases.

    h.    "BAR DATE" shall mean September 9, 2013 for all non-governmental claims and November 4, 2013 for all governmental claims unless otherwise established pursuant to a Final Order.

    i.    "BUSINESS DAY" shall mean a day other than Saturday, Sunday or "legal holiday" within the meaning of Bankruptcy Rule 9006(a).

    j.    "CASE" shall mean the Debtors' Chapter 11 case commenced by the filing of his Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 6, 2013.

    k.    "CASH" shall mean payment by check issued by the Debtor with respect to any payment pursuant to the Plan.

    l.    "CHAPTER 11" shall mean Chapter 11 of the Bankruptcy Code.

    m.    "CLAIM" shall mean all claims, a defined in section 101(5) of the Bankruptcy Code, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including, without limitation, all claims arising from the Debtors' rejection of any executory contract or unexpired lease.

    n.    "CLASS" shall mean a category of Claims as specified in Article IV of the Plan

    o.    "CONFIRMATION DATE" shall mean he date of entry by the Bankruptcy Court of an order confirming the Plan on the docket at or after a hearing pursuant to § 1129 of the Bankruptcy Code.

    p.    "CONFIRMATION HEARING" shall mean the hearing conducted by the Court regarding the confirmation of the Plan pursuant to § 1129 of the Bankruptcy Code.

    q.    "CONFIRMATION ORDER" shall mean the order of the BankruptcyCourt confirming the Plan.

    r.    "CREDITOR" shall mean any creditor of the Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

    s.    "DEBTOR" shall mean David K. Rensin.

    t.    "DISCLOSURE STATEMENT" shall mean the Disclosure Statement describing this Plan prepared in accordance with § 1125 of the Bankruptcy Code and approved by order of the Bankruptcy Court, as may be modified or amended from time to time, to be distributed to the holders of claims whose votes with respect to this Plan are to be solicited.

22

  u. "DISPUTED CLAIM" shall mean any claim (1) that is scheduled by the Debtor as disputed, contingent or unliquidated, or (2) that is scheduled by the Debtor, or proof of which has been filed with the Bankruptcy Court and with respect to which a timely objection to allowance, in whole or part, has been filed and which objections have not been (i) withdrawn or settled, or (ii) determined by a Final Order.

  v. "DISTRIBUTION" shall mean the Cash or other property to be distributed under the Plan to Holders of Allowed Claims.

  w. "DISTRIBUTION AGENT" shall mean the Debtor, or an entity directed by the Debtor, for the distribution of all property to be distributed under the Plan to Holders of Allowed Claims.

  x. "DISTRIBUTION DATE" shall mean that date which occurs in quarter year increments based upon the Effective Date of the Plan as defined herein.

  y. "EFFECTIVE DATE" shall mean the 30th day following entry of the Confirmation Order.

  z. "ESTATE" shall mean the estate created from the property of the Debtor as defined in § 541 of the Bankruptcy Code.

  aa. "FINAL DECREE" shall mean the order of this Court pursuant to Bankruptcy Rule 3022 closing this case.

  bb. "FINAL ORDER" shall mean an order of the Bankruptcy Court or other court of competent jurisdiction over any matter from which no appeal can be taken or with respect to which the time period for taking an appeal has lapsed or terminated, or as to which all appeals have been withdrawn or dismissed with prejudice.

  cc. "HOLDER" shall mean the beneficial owner of any Claim.

  dd. "IMPAIRED" shall mean the Classes of creditors whose claims or interests are altered by the Plan, or who will not receive under the Plan the allowed amount of their claims in cash as of the Effective Date.

  ee. "IRS" shall mean the Internal Revenue Service.

  ff. "LIEN" shall have the meaning ascribed to that term in § 101(37) of the
Bankruptcy Code.

  gg. "PERSON" shall mean an individual, corporation, partnership, limited liability company, association, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

  hh. "PETITION DATE" shall mean the date upon which the Debtors

filed their voluntary Chapter 11 petition, May 6, 2013.

  ii. "PLAN" shall mean this Plan of Reorganization in its present form or as it may be amended or modified.

  gg. "PRIORITY CLAIM" shall mean any claim to the extent entitled to priority in payment under Bankruptcy Code§ 507, other than an Administrative Claim.

  hh. "PRO RATA" shall mean the amount of cash or property to be paid or distributed to a claimant with respect to an Allowed Claim on a particular date, in accordance with the ratio, as of such date, of the dollar amount of the Allowed Claim of such person in the indicated Class to the aggregate dollar amount of Claims in the indicated Class (including, in each such calculation, the full amount of Disputed Claims in the Class which have been asserted or are otherwise pending and which have not yet been Allowed or otherwise disposed of).

  ii. "PROFESSIONAL FEE CLAIM" shall mean any claim for compensation or reimbursement of expenses arising pursuant to sections 327, 328, 330, 331 or 503(b) of the Bankruptcy Code in connection with the Case for services provided or expenses incurred on or before the entry of the Confirmation Order.

  jj. "RECIPIENT" shall mean the Holder of an Allowed Claim, or any other party entitled to payment under this Plan.

  kk. "SCHEDULES" shall mean the Schedules of Assets and Liabilities and Statement of Financial Affairs, and any amendments thereto, filed by the Debtor with the Court.

  ll. "SECURED CREDITOR" shall mean a creditor who holds a lien, security interest, or any other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtors, to the extent of the value of the collateral.

  mm. "SECURED CLAIM" shall mean, subjected to all applicable sections of the Bankruptcy Code, an Allowed Claim held by a Secured Creditor, secured by a lien or security interest in or upon property of the Debtors, to the extent of the value of the collateral.

  nn. "TAXING AUTHORITY" shall mean any federal, state or local governmental unit with the authority to impose or otherwise issue taxes against the Debtors.

  oo. "UNSECURED CLAIM" shall mean any claim, whether or not liquidated or contingent, other than a Tax Claim, Administrative Claim, or Secured Claim.

  pp. "U.S. TRUSTEE" shall mean the Office of the United States

Trustee.

3.2. Undefined Terms. Terms used herein but not defined above shall have the meanings ascribed to them, if any, in the Bankruptcy Code and/or the Bankruptcy Rules

3.3. Exhibits. All exhibits to the Plan are incorporated by reference and made a part of the Plan as if set forth in full herein.

## ARTICLE IV
## CLASSIFICATION OF CLAIMS AND INTERESTS

Class **1 –** Allowed Secured Claim of US Bank Mortgage.

Class 2 – Allowed Secured Claim of Carmax Financial Services.

Class 3 – Allowed unsecured Claims of less than $500,000.

Class 4 – Allowed unsecured Claims of more than $500,000.

## ARTICLE V
## TREATMENT OF CLASSES OF CREDITORS

A. Unclassified Claims.

5.1 Administrative Claims.

Except as otherwise agreed to by the Debtors and the holder of an Administrative Claim, each holder of an Allowed Administrative Claim shall be paid the full amount of such Allowed Claim, in Cash, on (a) the latest to occur of (i) the Distribution Date (or as soon as practicable thereafter), (ii) within thirty (30) business days after the date on which the Administrative Claim becomes and Allowed Claim (an "Allowed Administrative Claim"), and (iii) the date when payment of such Allowed Administrative Claim becomes due in accordance with its terms, provided that all liabilities incurred by the Debtor in the ordinary course during this case shall be paid in the ordinary course when due, or (b) upon such other terms that are agreed to between the Debtor and the holder of such Allowed Administrative Claim. All pre-confirmation and post-confirmation quarterly disbursement fees to the United States Trustee pursuant to 28 U.S.C. § 1930 will be paid, in full and timely fashion, until the earliest of when the case is dismissed, converted, or closed after issuance of a Final Decree.

5.2 **Priority Tax Claims**

Debtor believes there are no priority tax claims.

25

B. **Classes**

### 5.3   Class 1 – Allowed Secured Claim of US Bank Home Mortgage.

1. Classification.   US Bank Home Mortgage is secured with a first deed of trust on the Debtor's Property. The Debtor owns the property as tenants by the entirety with his wife. The payoff on the deed of trust as of the Petition Date was approximately $$512,815.90. The Debtor is current on the loan.

ii. Impairment. This class will not be impaired and is not entitled to vote on the Plan but shall be deemed to have accepted the Plan.

iii. Treatment. The Debtors will pay the Allowed Secured Claim in accordance with the existing security agreement and loan documents securing the interest of US Bank Home Mortgage.

### 5.4   Class 2 – Allowed Secured Carmax Financial Services.

i. Classification.   Carmax Financial Services holds a properly perfected lien in a vehicle owned by the Debtor. The Debtor is indebted to Carmax pursuant to that certain retail installment contract (the "Contract"). Debtor shall continue to honor that Contract and make all required payments as required by the Contract.

ii. Impairment. This class will be unimpaired, deemed to have accepted the Plan pursuant to § 1126(±) of the Bankruptcy Code, and therefore is not entitled to vote on the Plan.

iii. Treatment. The obligation shall be treated as a fully secured obligation of the Debtors. Carmax Financial Services shall retain its lien pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code until such claim is paid in full according to the terms of the Contract. The obligations owing under the Contract shall be treated as non- default and current. The outstanding balance shall be calculated on a non-default basis.

### 5.5   Class 3 – Allowed Unsecured Claims of less than $500,000.00.

i. Classification.   This class consists of all Allowed Unsecured Claims not included in any other Class in this Plan for which the debt claimed in less than $500,000.00. The total Allowed Unsecured Claims in this Class is approximately $34,784.96..

ii. Impairment. This class will be impaired and is entitled to vote on the Plan.

iii. Treatment. This Class shall be paid, on a quarterly distribution basis, amounts equal to 5.9 cents on the dollar of its claim over the first two quarters of the Plan

26

**5.6    Class 4 – Allowed Unsecured Claims of more than $500,000.00**

1. <u>Classification.</u>   This class consists of all Allowed Unsecured Claims not included in any other Class in this Plan and which exceed $500,000.00. The total Allowed Unsecured Claims is approximately $2,745,719.11.

11. <u>Impairment.</u>  This class will be impaired and is entitled to vote on the Plan.

111. <u>Treatment.</u>   This Class shall be paid, on a quarterly distribution basis, amounts equal to 5.9 cents on the dollar of its claim over the life of the Plan

.

# ARTICLE VI
## MEANS OF EXECUTION

6.1    The Debtor will make all payments as called for by the Plan, and the Debtor will further execute and deliver all documentation to the Bankruptcy Court and to all parties in interest as are entitled to receive the same as required by the terms of this Plan and the Bankruptcy Code.

6.2    The Debtor shall take such other action as necessary to satisfy the other terms and requirements of this Plan and the Bankruptcy Code.

6.3    All funds necessary for the implementation of this Plan shall be obtained from the Debtor's current assets and future earnings.

6.4    The Debtor reserve the right to prepay any or all Allowed Claims without penalty.

6.5    Administrative Claims, unpaid on the Effective Date will be paid from the Debtor's current assets or future earnings. Professional Fee Claims will be paid on the Effective Date or as soon thereafter as they are approved by the Bankruptcy Court. Professional Fee Claims incurred following confirmation will be paid directly by the Debtor without necessity of prior Bankruptcy Court approval.

6.6    All claim objections will be filed with the Bankruptcy Court within 60 days of entry of the Confirmation Order.

# ARTICLE VII
## REJECTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

7.1     Assumption or Rejection. Except as specified herein, all contracts which exist between the Debtor and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or accepted by order of the Bankruptcy Court, are hereby specifically rejected.

The following unexpired leases and/or executory contracts are assumed: None.

7.2     Expired Contracts and Leases. Any contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by a Final Order prior to the Effective Date, is hereby specifically rejected.

7.3     Bar Date for Rejection Claims. If the rejection of an executory contract or unexpired lease under this Plan gives rise to a Claim by the non-debtor party or parties to such executory contract, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified as a Class 6 Claim; provided, however, the General Unsecured Claim arising from such rejection (a "Rejection Claim") shall be forever barred and shall not be enforceable against the Debtors unless a proof of such Claim is filed and served on the Debtors within twenty-one (21) days after the Effective Date. To the extent a Rejection Claim is initially a Disputed Claim, but subsequently become Allowed Claims, the Debtors shall pay such Rejection Claim in accordance with the Plan, but nothing herein shall constitute a determination that any such rejection gives rise to or results in a Claim or constitute a waiver of any objections to such Claim by the Debtors or any party in interest.

# ARTICLE VIII
## PROVISIONS GOVERNING DISTRIBUTIONS

8.1     Delivery of Distributions in General. Distributions to holders of Allowed Claims shall be made: (i) at the addresses set forth in the proofs of claim filed by such holders; (ii) at the addresses set forth in any written notices of address change submitted to the Court or counsel for the Debtor after the date on which any related proof of claim was filed; or, if the information described in clauses (i) or (ii) is not available, (iii) at the addresses reflected in the Debtor's Schedules.

8.2     Distribution Dates. Distributions to Classes 1, 2, 3, and 4, shall be made as set forth herein. Classes 1 and 2 shall receive payments in compliance with their respective security agreements. Class 3 shall be paid over the first two quarterly distributions. Class 4 shall begin to receive payments upon the satisfaction of the 5.9% of the debt claimed by Class 3 and shall receive payments thereafter for the life of the Plan.

8.3     Unclaimed Distributions. A Recipient who has not claimed such payment within ninety (90) days of the disbursement or attempted disbursement of such funds under this Plan shall be deemed to have forfeited such Recipient's right to receive such payment pursuant to this Plan. A Recipient shall be deemed to have failed to claim a payment if

28

(i) a check to such Recipient is returned as undeliverable without a proper forwarding address; (ii) such Recipient's check has not been cashed; or (iii) a check to such Recipient could not be mailed or delivered due to the absence of a proper address to which the Debtors may mail or deliver such check. Any such unclaimed payments shall become property of the Debtors.

## ARTICLE IX
## TITLE TO PROPERTY

Upon the Effective Date, the Debtor will be re-vested with his assets, except as set forth herein, and the Debtor shall be entitled to manage his affairs without further order of the Bankruptcy Court. Subject only to the terms and conditions of the Plan, no further order of the Court shall be required for the Debtor to sell, convey, or encumber his property.

## ARTICLE X
## MODIFICATION OF PLAN

This Plan may be modified in accordance with the provisions of § 1127 of the Bankruptcy Code at any point until substantially consummated. After confirmation, the Debtor may, with the approval of the Bankruptcy Court and upon notice to the United States Trustee, remedy any defect or omission, and reconcile any inconsistency in the Plan or Confirmation Order in order to facilitate the Plan's purposes.

## ARTICLE XI
## POST-CONFIRMATION REQUIREMENTS

Until the obligations of all creditors are satisfied pursuant to the Plan or a Final Decree is entered by the Bankruptcy Court, whichever occurs first, the Disbursing Agent shall submit a quarterly report verifying all distributions under this Plan to the Bankruptcy Court and the United States Trustee. This report is due within thirty (30) days of the end of the preceding quarter. The Debtor shall have the right to file a motion to have the Case closed without prejudice to the right to reopen upon completion of all payments called for in the Plan.

## ARTICLE XII
## BAR DATE AND TREATMENT OF DISPUTED CLAIMS

12.1   Bar Dates for Claims. Any Claim not filed prior to the Bar Date is forever barred and shall be conclusively deemed discharged and disallowed for the purposes of voting on this Plan or receiving any distributions hereunder.

12.2   Disputed Claims. Any party in interest may object to the allowance of any Claim filed with the Bankruptcy Court. Objections will be litigated to a Final Order. However, the Debtors may compromise and settle, withdraw or resolve by any other method

approved by the Bankruptcy Court, any objections to a Disputed Claim, and may seek the Bankruptcy Court's estimation of any Disputed Claim pursuant to § 502(c) of the Bankruptcy Code. Notwithstanding any other provision of this Plan, Disputed Claims shall be paid upon approval by the Court in accordance with the terms of this Plan.

12.3    **Distributions With Respect to Disputed Claims and Interests.**  Only Allowed Claims are entitled to receive distributions under the Plan. Until a Disputed Claim becomes an Allowed Claim, no distributions otherwise available to the Holder of such Claim will be made. As soon as reasonably practicable after a Disputed Claim becomes an Allowed Claim, or on such date as the Plan otherwise provides, the Holder of such Allowed Claim shall receive all payments and distributions to which such Holder is then entitled under the Plan.

## ARTICLE XIII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of these pursuant to and for the purposes of §§ 105(a) and 1127 of the Bankruptcy Code and for, without limitation, the following:

i.    to determine any and all objections to the allowance of claims;

ii.   to determine any and all applications for allowance of compensation for periods prior to or after the Confirmation Date;

iii.  to determine all controversies and disputes arising under or in connection with the Plan;

iv.   to determine all applications, adversary proceedings and litigated matters pending on the Confirmation Date;

v.    to effectuate payments under, and performance of, the provisions of the Plan;

vi.   to determine such other matters and for such other purposes as may be provided for in the Confirmation Order;

vii.  to connsider and determine any proposed modification or amendment of the Plan;

viii. to determine all disputes regarding property of the estate; and

ix.   to establish and adjust procedures for the orderly administration of the Estate.

## ARTICLE XIV
## INJUNCTION AGAINST INTERFERENCE WITH PLAN

30

14.1   No Interference.   No Person will be permitted to commence or continue any action or proceeding or perform any act to interfere with the implementation and consummation of the Plan or the payments required to be made hereunder.

14.2   Injunction.   The Confirmation of the Plan shall serve to satisfy all Claims or causes of action arising out of any Claim addressed by the terms of the Plan and will operate as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the Debtors except as provided in the Plan.

### ARTICLE XV
### MISCELLANEOUS PROVISIONS

15.1   Retention of Causes of Action.   Notwithstanding the confirmation of this Plan of Reorganization, the Debtor shall retain possession of all causes of action that he may have under the Bankruptcy Code and shall be authorized to prosecute such actions as fully and completely as if they were prosecuted by a trustee in bankruptcy.

15.2   Revocation or Withdrawal of Plan.   The Debtors reserve the right to revoke or withdraw the Plan at any time before entry of a Confirmation Order.   If the Debtor revoke or withdraw the Plan prior to the Confirmation Date, or if Confirmation or the Effective Date does not occur, then the Plan shall be deemed null and void as to the Estate. In such event, nothing contained in the Plan or in any document relating to the Plan shall be deemed to constitute an admission of validity, waiver, or release of any Claims by or against the Debtors or any Person or to prejudice in any manner the rights of the Debtors or any Person in any proceeding involving the Debtors.

15.3   Post-Confirmation Effect of Evidences of Claims.   From and after the Effective Date, except as set forth herein, all promissory notes evidencing obligations of the Debtor and other evidences of Claims that arose prior to the Effective Date shall be deemed canceled, null, void and of no force or effect whatsoever, and shall constitute no more than evidence of the Holder's right to treatment of the Claim so evidenced in accordance with the Plan.

15.4   Survival of Terms. The covenants, representations, and agreements made in this
Plan shall survive the Confirmation Date and the transactions contemplated herein.

15.5   Successors Bound.   This Plan shall, on the Confirmation Date, be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Debtors and the holders of Claims and interests.

15.6   Controlling Law.   This Plan shall be read and construed and take effect in all respects in accordance with the law as set forth in the Bankruptcy Code and the Bankruptcy Rules.

15.7   Further Assurance.   If at any time, the Debtor shall consider, or be advised, that any further releases, assurances or documents are reasonably necessary to desirable to carry out the provisions hereof, and the transactions contemplated herein, the holders of

claims and the holders of interests shall, upon reasonable request, execute and deliver any and all documents and assurances, and do all things necessary or appropriate to carry out fully the provisions hereof

15.8   No Interest.   Except as expressly stated in this Plan, or allowed by a Final Order of the Bankruptcy Court, no interest, penalty, or late charge is allowed on any Claim subsequent to the Petition Date.

15.9   Discharge.   Confirmation of the Plan does not discharge any debt provided for in the Plan until the Bankruptcy Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Bankruptcy Code. The Debtor intends to seek a discharge on completion of all payments under the Plan. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Bankruptcy Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c).

15.10   Further Actions.   The Debtor shall be authorized to execute, deliver, file or record such documents, contracts, instruments, releases or other agreements and take such other action as may be necessary to effectuate and further evidence the terms and conditions of the Plan.

15.11   Amounts of Claims.   All references to Claims and amounts of Claims refers to the amount of the Claim allowed by Final Order by the Bankruptcy Court or by this Plan; provided, however, that Claims which have not been Allowed prior to the date set forth for the return of ballots may only be voted and shall only be counted at the amount as estimated by the Bankruptcy Court on or prior to the Confirmation Date. The Debtor reserves the right, both before and after the Confirmation Date, to object to Claims so as to have the Bankruptcy Court determine the Allowed amount of such Claim to be paid under this Plan.

15.12   Headings.   The headings used in this Plan are inserted for convenience only and neither constitute a portion of this Plan nor in any manner affect the provisions of the Plan.

15.13   Section 1146(c) Exemption.   Pursuant to § 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the execution, delivery or recording of an instrument of transfer under this Plan may not be taxed under any law imposing deed stamps, a stamp tax, a recording tax, a transfer tax, an intangible tax or similar tax. In order to effectuate
§ 1146(c) of the Bankruptcy Code, each recorder of deed or similar official for any county, city or governmental unit in which instruments of transfer of the Property are to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instruments for recording and promptly to record such instruments or deeds without payment of any documentary stamp tax, deed stamps, stamp tax, recording tax, transfer tax, intangible tax or similar tax. Without limiting the generality of the foregoing, any deed, mortgage or instrument modifying or amending a deed or mortgage executed and delivered pursuant to this Plan and relating to the Property shall constitute a "transfer under a plan" within the purview of § 1146(c) of the Bankruptcy Code, and, accordingly, shall not be subject to any documentary stamp tax, deed stamp tax, recording tax, transfer tax, intangible tax or similar tax.

15.14 <u>Severability.</u> Should any provision of this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan. To the extent that any provision of the Plan would, by its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the Confirmation Order, the Bankruptcy Court, upon request of the Debtors, may modify or amend, or permit the Debtors to modify or amend such provision, in whole or in part, as necessary to cure any defect or remove any impediment to the confirmation of the Plan existing by reason of such provision.

15.15 <u>Governing Law.</u> Except to the extent that the Bankruptcy Code or other federal laws are applicable, the rights and obligations arising under this Plan shall be governed by, and construed under, the laws of the Commonwealth of Virginia.

15.16 <u>Time.</u> Bankruptcy Rule 9006 shall be used to compute any period of time prescribed or allowed by this Plan.

15.17 <u>Plan Controls Disclosure Statement.</u> In the event and to the extent that any provision of the Disclosure Statement is inconsistent with or contrary to the provisions of this Plan, the provisions of this Plan shall control and take precedence.

Respectfully submitted this 22nd day of April, 2014.

/s/David K. Rensin
David K. Rensin




/s/ Linda D. Regenhardt
Linda D. Regenhardt.
VSB No. 27455
100 N. Pitt Street
Suite 206
Alexandria, VA 22314
Telephone: (703) 539-0308
Counsel for Debtor

33